UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUELINE A. COTE, on behalf of herself and all others similarly situated, | ) ) | CIVIL ACTION NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jacqueline Cote ("Plaintiff" or "Jackie") brings this employment discrimination action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") on behalf of herself and similarly situated Wal-Mart employees who had lawful, valid marriages with a person of the same sex and were unlawfully deprived of employment-based spousal health insurance benefits because of their sex.

## INTRODUCTION

1.      This is an action brought pursuant to Title VII of the federal Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the Massachusetts Fair Employment Practices Law, Mass. Gen. Laws ch. 151B § 4, on behalf of a class of current and former Wal-Mart employees who, prior to January 1, 2014, were entitled to receive spousal health insurance benefits through Wal-Mart and were in legal, valid marriages with a person of the same sex, but were denied spousal health insurance benefits by Wal-Mart due to Wal-Mart's

discriminatory national policy, pattern, and practice of refusing to provide employees with spouses of the same sex health insurance benefits for their spouses.

2.     In this action, Jackie alleges that Wal-Mart refused to provide employment-based spousal health insurance benefits for same-sex spouses of eligible Wal-Mart employees because Jackie and other putative Class Members are or were married to a person of the same sex during their employment at Wal-Mart, because Jackie and other putative Class Members do not conform to Wal-Mart's gender-based stereotypes that a woman should only be married to a man and that a man should only be married to a woman, and because Jackie and other putative Class Members associate with a person of the same sex.

3.     If Jackie and other putative Class Members had been married to a person of a different sex, or if Jackie and other putative Class Members had been of the different sex than their spouses, Wal-Mart would have provided health insurance benefits to their spouses.  Instead, Wal-Mart intentionally discriminated against Jackie and other putative Class Members on the basis of their sex with respect to their employment compensation and the employee benefits they received as Wal-Mart employees.  Such discrimination violates Title VII of the federal Civil Rights Act, the federal Equal Pay Act, and the Massachusetts Fair Employment Practices Law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1343, and 2201.  This Court has subject matter jurisdiction over Plaintiff's Massachusetts Fair Employment Practices Law claim pursuant to 28 U.S.C. § 1367, as

that claim is so related to her federal claims that they form the same case or controversy.

5.      Plaintiff has fully exhausted her administrative remedies before filing suit in this District, including on behalf of herself and other members of the proposed Class. On September 19, 2014, Jackie filed a charge of discrimination on behalf of herself and other putative Class Members with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that Wal-Mart had violated Title VII of the Civil Rights Act and the Massachusetts Fair Employment Practices Law by engaging in sex discrimination against her and similarly situated Wal-Mart employees nationwide. Charge of Jacqueline A. Cote, attached as Ex. 1.

6.      On January 29, 2015, the EEOC issued a final determination in which the agency found that "Respondent's (Wal-Mart's) refusal to add [Jackie Cote's] spouse to her health insurance coverage following their marriage constituted discrimination on the basis of her sex, female."  U.S. Equal Employment Opportunity Commission, Final Determination, attached as Ex. 2.  As the EEOC explained, Jackie "was subjected to employment discrimination in that she was treated differently and denied benefits *because* of her sex, since such coverage would be provided if she were a woman married to a man."  *Id.* (emphasis in original).

7.      On May 29, 2015, the EEOC issued a "Right to Sue" letter authorizing Jackie to file a Title VII action within 90 days of her receipt of the letter.  U.S. Equal Employment Opportunity Commission, Notice of Right to Sue, attached as Ex. 3.

8.      This Complaint is filed within the required time limits set forth in 42 U.S.C. § 2000e-5(f)(1).

9.     All other prerequisites to the filing of this suit have been met.

10.     Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful practice Plaintiff challenges in this action was committed in this District and unlawfully deprived Plaintiff of compensation and benefits in this District. Venue is also proper under 28 U.S.C. § 1391, because all parties are deemed to reside in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the unlawful employment practices alleged in this action.

## PARTIES

11.     Plaintiff JACQUELINE COTE is a citizen of the Commonwealth of Massachusetts and the United States of America, and she resides in New Bedford, Massachusetts.

12.     Jackie was an employee of Defendant WAL-MART STORES, INC. within the meaning of 42 U.S.C. § 2000e(f), 29 U.S.C. § 203(e), and Mass. Gen. Laws ch. 151B § 1(6).

13.     Defendant WAL-MART STORES, INC. is the world's largest publicly-owned corporation, retailer, and private employer with over two million employees worldwide.  It is this nation's largest private employer with more than 1.3 million U.S. associates at more than 5,000 stores and clubs nationwide. Wal-Mart's corporate headquarters are located in Arkansas.  Wal-Mart earned more than $468 billion of revenues in fiscal year 2013 and more than $476 billion of revenues in fiscal year 2014.

14.     Defendant Wal-Mart is an employer within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 203(d), and Mass. Gen. Laws ch. 151B § 1(5).

## PLAINTIFF'S FACTUAL ALLEGATIONS

15.     Jackie was hired by Wal-Mart in April 1999 as a Temporary Set-Up Associate at Wal-Mart Supercenter Store # 2046 in Augusta, Maine.

16.     Since April 1999, Jackie has continuously worked for Wal-Mart in various stores and locations throughout Maine and Massachusetts.

17.     In June 2015, Jackie began a period of leave, as she had done in the past, to attend to the medical needs of her wife. Prior to June 2015, Jackie worked as the Office Associate at Wal-Mart Supercenter Store # 2953 in Swansea, MA. Jackie intends to continue her employment with Wal-Mart after concluding her period of leave.

18.     Throughout her employment at Wal-Mart, Jackie performed her job in a satisfactory manner at all times.

19.     As part of Jackie's compensation, she received employee health insurance benefits. Those benefits are self-insured by Wal-Mart and administered through Blue Cross Blue Shield. Wal-Mart pays the majority of the cost of employees' health insurance benefits.

20.     Wal-Mart provides qualified employees with the option of obtaining health insurance benefits for their spouses and similarly pays the majority of the cost of spouses' health insurance benefits.

21.     Prior to her leave of absence, Jackie was a qualified employee for the purpose of receiving spousal health insurance benefits. Jackie currently receives

spousal health insurance benefits from Wal-Mart, and will continue to receive such benefits when she returns to her position at Wal-Mart at the conclusion of her leave.

22.     Prior to January 1, 2014, Wal-Mart had a national policy, pattern, and practice of refusing to provide employees who were married to a person of the same sex health insurance benefits for their spouses.

23.     On May 22, 2004, Jackie married her spouse Diana Smithson ("Dee") in Provincetown, Massachusetts.

24.     At all times, Jackie and Dee's marriage has been lawful and recognized by the Commonwealth of Massachusetts.

25.     Jackie and Dee currently live together in New Bedford, Massachusetts.

26.     Dee is a former employee of Wal-Mart.

27.     Dee worked for Wal-Mart from 1999 until approximately 2008, when she left her employment to stay at home to be the primary caregiver for Jackie's mother, who was suffering from dementia and living with Jackie and Dee.

28.     Upon ceasing her employment at Wal-Mart, Dee lost her individual health insurance coverage from Wal-Mart, but Dee was able to continue that coverage by electing and paying for coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") for a limited period of time.

29.     After Dee's COBRA coverage ran out, Dee purchased individual health insurance coverage from Mid-West Life Insurance Company of Tennessee ("Mid-West"). Dee and Jackie both paid Dee's premium for her individual health insurance coverage from Mid-West.

30.     Enrolling Dee in Jackie's health insurance plan through Wal-Mart became particularly important to Jackie and Dee, because Dee's individual health insurance coverage through Mid-West was too expensive for Jackie and Dee to afford and it was imperative for Dee to maintain health insurance because of her previous breast cancer diagnosis in 1995.

31.     Beginning in or around 2008, Jackie regularly attempted to enroll Dee in her health insurance plan for spousal health insurance benefits during Wal-Mart's annual open enrollment period.

32.     Each time that Jackie attempted to enroll Dee in Wal-Mart's spousal health insurance plan – by using an online computer system that required Jackie to enter Dee's sex (female) into the online enrollment program – Jackie immediately received a notification that she could not proceed further with her request and that she should call Wal-Mart's home office.

33.     When Jackie called Wal-Mart's home office to request that Dee be added to her health insurance as her spouse, Jackie was told on the phone by a Wal-Mart representative that Wal-Mart did not offer health insurance coverage to same-sex spouses, even though Jackie was otherwise qualified to receive spousal health insurance benefits and despite Wal-Mart's previous knowledge of Dee's history with cancer.

34.     In August 2012, Dee was diagnosed with ovarian cancer. As a result of her diagnosis, Dee had to undergo numerous and expensive treatments, including chemotherapy.

35.     Since August 2012, Dee has been in and out of the hospital many times due to her cancer, the side effects from her chemotherapy treatment, and other health complications related to her cancer and cancer treatment.

36.     In October 2012, Dee lost her individual health insurance coverage through Mid-West and was unable to obtain other health insurance thereafter.

37.     When Jackie once again attempted to enroll Dee for spousal health insurance coverage during Wal-Mart's annual open enrollment period in October 2012 Jackie was once again denied the opportunity to add Dee to her health insurance coverage as a spouse.

38.     Sometime after the United States Supreme Court held Section 3 of the Defense of Marriage Act ("DOMA") unconstitutional in *United States v. Windsor*, 133 S. Ct. 2675 (2013), Jackie called Wal-Mart's home office to determine if she could now enroll Dee for Wal-Mart's spousal health insurance coverage.  Jackie was told on the phone by a Wal-Mart representative that Wal-Mart had no plans to alter its policy to allow same-sex spouses of eligible Wal-Mart employees to enroll for spousal health insurance benefits.

39.     Dee remained without health insurance until January 1, 2014, due to Wal-Mart's discriminatory national policy, pattern, and practice of refusing to provide employees with same-sex spouses health insurance benefits for their spouses.

40.     Wal-Mart refused to provide spousal health insurance benefits for Jackie's spouse because Jackie is a woman married to another woman, even though Wal-Mart would have provided such coverage if Jackie were a man married to a woman.

8

41.　　　Wal-Mart refused to provide spousal health insurance benefits for Jackie's spouse because Jackie's spouse is a woman, even though Wal-Mart would have provided such coverage if Jackie's spouse were a man or if Jackie were a man who was married to a woman.

42.　　　Wal-Mart refused to provide spousal health insurance benefits for Jackie's spouse because of Wal-Mart's sex-based stereotypes and stereotyping that a woman should only be married to a man and not to a woman.

43.　　　Wal-Mart refused to provide spousal health insurance benefits for Jackie's spouse because Jackie associates with someone of the same sex.

44.　　　Wal-Mart refused to provide spousal health insurance benefits for Jackie's spouse because of Jackie and Dee's same-sex sexual orientation.

45.　　　As a result of Wal-Mart's national policy, pattern, and practice of refusing to provide employees with spouses of the same sex spousal health insurance benefits, Jackie and Dee have suffered significant economic and non-economic harm, including negative financial consequences, health issues, emotional and physical harm, as well as pain and suffering.

46.　　　In particular, because of Wal-Mart's discriminatory national policy, pattern and practice, Jackie and Dee have incurred, at a minimum, $150,000 of uninsured medical expenses from approximately 2012 to January 1, 2014.

47.　　　Owing that amount of debt has not only been enormously stressful to Jackie and Dee, but it also has further complicated and harmed Dee's health, well-being, and recovery.

48.     Although Wal-Mart voluntarily extended spousal health insurance benefits to the same-sex spouses of Wal-Mart employees beginning on January 1, 2014, it is and has been Wal-Mart's position that it has no legal obligation to extend spousal health insurance benefits to employees with same-sex spouses.  During the EEOC's investigation of Jackie's sex discrimination charge, Wal-Mart took the position that Title VII does not require it to provide health care benefits to the same-sex spouses of its employees and that a state law that requires Wal-Mart to provide such benefits to same-sex spouses would be preempted by federal law.

49.     Although same-sex spouses of employees are now eligible for Wal-Mart's spousal health insurance benefits, Plaintiff's understanding is that Wal-Mart believes that it could legally rescind that extension of coverage at any time and thereby eliminate the spousal health insurance that Dee and other same-sex spouses of Wal-Mart employees currently receive.

50.     Wal-Mart has not acknowledged that it has a continuing, legal obligation to extend available spousal health insurance benefits to the same-sex spouses of eligible Wal-Mart employees.

51.     Wal-Mart's position that it has no continuing, legal obligation to provide these benefits equally to same-sex spouses creates significant uncertainty and insecurity for Jackie, Dee, and other same-sex married couples, renders their benefits insecure, and constitutes continuing and ongoing sex discrimination.

52.     Benefits provided by Wal-Mart as a matter of grace that can be eliminated at Wal-Mart's discretion are not secure and could potentially be withdrawn just when large health care costs are incurred.

53.     As a result of Wal-Mart's ongoing discriminatory conduct in its handling of the provision of spousal health insurance benefits to same-sex spouses, Jackie has been, and is being, discriminated against and denied secure compensation and benefits she would receive absent discrimination.  Such discrimination presents an actual and ongoing controversy between the parties.

### CLASS ALLEGATIONS

54.     Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

**National Class ("National Class" or "Class"):**

(1) All current or former employees of Wal-Mart Stores, Inc. in the United States who (a) had legal and valid marriages with a person of the same sex prior to January 1, 2014, (b) would have been eligible to receive spousal health insurance benefits from Wal-Mart Stores, Inc. prior to January 1, 2014 but for Wal-Mart Stores Inc.'s prohibition on same-sex spouses qualifying for spousal health insurance benefits, and (c) did not receive spousal health insurance benefits from Wal-Mart Stores, Inc. prior to January 1, 2014; OR

(2) All current employees of Wal-Mart Stores, Inc. who currently have legal and valid marriages with a person of the same sex and currently receive spousal health insurance benefits from Wal-Mart Stores, Inc.

**Massachusetts Subclass:**

All current or former employees of Wal-Mart Stores, Inc. who (a) were employed by Wal-Mart Stores, Inc. in the Commonwealth of Massachusetts prior to January 1, 2014, (b) had legal and valid marriages with a person of the same sex prior to January 1, 2014, (c) would have been eligible to receive spousal health insurance benefits from Wal-Mart Stores, Inc. prior to January 1, 2014 but for Wal-Mart Stores, Inc.'s prohibition on same-sex spouses qualifying for spousal health insurance benefits, and (d) did not receive spousal health insurance benefits from Wal-Mart Stores, Inc. prior to January 1, 2014.

55.     Excluded from the National Class and the Massachusetts Subclass are all current or former Wal-Mart Stores, Inc. employees who previously reached settlements or judgments against Wal-Mart resolving or releasing any claims related to Wal-Mart's policy, pattern, and practice of refusing to provide employees with spouses of the same sex health insurance benefits for their spouses.

*Impracticability of Joinder*

56.     The Class is so numerous that joinder of all members is impracticable.

57.     Upon information and belief, hundreds to thousands of current or former Wal-Mart employees are members of the proposed Class, and a large portion of the members of the proposed National Class are members of the proposed Massachusetts Subclass.

58.      Wal-Mart Stores, Inc. is the world's largest publicly-owned corporation, retailer, and private employer with over two million employees worldwide. It is this nation's largest private employer with more than 1.3 million U.S. employees at more than 5,000 stores and clubs nationwide.

59.      Prior to January 1, 2014, Wal-Mart operated stores and employed workers in all 50 states and the District of Columbia, including 14 states where marriages of same-sex couples were lawful (Massachusetts, Maine, Washington, Delaware, Hawaii, Illinois, Minnesota, New Hampshire, New York, Rhode Island, Vermont, California, New Jersey, and New Mexico), as well as the District of Columbia.

60.      Members of the proposed Class are geographically dispersed throughout the United States, in jurisdictions that performed or recognized marriages of same-sex couples and states that had not yet performed or recognized marriages of same-sex couples.

*Commonality*

61.      There are numerous questions of law and fact that are common to each member of the proposed Class.

62.      The central questions in this case are (1) whether Wal-Mart's national policy, pattern, and practice of refusing to provide employees with spouses of the same sex spousal health insurance coverage prior to January 1, 2014 constitutes sex discrimination pursuant to Title VII of the federal Civil Rights Act of 1964 and the Massachusetts Fair Employment Practices Law, and (2) whether Wal-Mart has a

continuing, legal obligation to provide spousal health insurance benefits to same-sex spouses of eligible employees in the future.

63.        There are numerous additional common questions of law and fact, including the following:

a.        Whether Wal-Mart had a nationwide policy of refusing to provide employees with spouses of the same sex spousal health insurance benefits prior to January 1, 2014 ("Wal-Mart's nationwide policy");

b.        Whether Wal-Mart would have provided spousal health insurance benefits to female employees who were married to women if instead they had been married to men or if instead they had been men married to women, and whether Walmart would have provided spousal health insurance benefits to male employees who were married to men if instead they had been married to women or if instead they had been women married to men?

c.        Whether Wal-Mart denied spousal health insurance benefits to employees with same-sex spouses based on a sex-based classification or otherwise intentionally discriminated because of sex?

d.        Whether Wal-Mart denied spousal health insurance benefits to employees with same-sex spouses because of or relying upon sex-based stereotypes, including a stereotype that a woman should only be married to a man, not to a woman, and that a man should only be married to a woman, not to a man?

e.        Whether Wal-Mart's nationwide policy violated Title VII by denying compensation, terms, conditions, or privileges of employment because of sex?

f.        Whether members of the proposed Class had lawful, valid marriages?

g.        What types and amounts of damages members of the proposed Class suffered because Wal-Mart refused to provide spousal health insurance benefits to employees with same-sex spouses?

h.        Whether Wal-Mart's violations were willful, malicious, outrageous, egregious, purposeful, or in reckless disregard of the likelihood that its conduct would cause serious harm to members of the proposed Class?

i.        Whether Wal-Mart's national policy constitutes a continuing violation?

*Typicality*

64.     Plaintiff's claims are typical of other members of the proposed National Class and the proposed Massachusetts Subclass.  Plaintiff challenges a single, official, nationwide policy, pattern, and practice under which Wal-Mart refused to provide employees with spouses of the same sex spousal health insurance benefits prior to January 1, 2014.  This policy barred eligibility for spousal health insurance benefits for all Wal-Mart employees who had legal, valid marriages with a person of the same sex throughout the United States prior to January 1, 2014.  Plaintiff's civil rights were violated in the same manner as other members of the proposed National Class and proposed Massachusetts Subclass who were subjected to Wal-Mart's nationwide policy.

*Adequacy*

65.     Plaintiff will fairly and adequately protect the interests of other members of the proposed National Class and the Massachusetts Subclass.  Plaintiff is aware of no conflict with any other member of the proposed National Class or the Massachusetts Subclass.  Plaintiff understands her obligations as a class representative, has already undertaken steps to fulfill them, and is prepared to continue to fulfill her duties as class representative.

66.     Wal-Mart has no unique defenses against Plaintiff that would interfere with Plaintiff's representation of the National Class or the Massachusetts Subclass.

67.     Plaintiff's counsel are experienced in federal court class action litigation, including civil rights and employment litigation, and have considerable

experience and expertise in providing legal representation to the lesbian, gay, bisexual, transgender, and queer ("LGBTQ") community, and litigating sex discrimination claims.

***Rule 23(b)(3)***

68.　　This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69.　　The questions of law and fact common to the members of the Class predominate over questions affecting individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

70.　　By resolving the common issues described above in a single class proceeding, each member of the proposed National Class will receive a determination of whether Wal-Mart's national policy, pattern, and practice of refusing to provide employees with spouses of the same sex spousal health insurance benefits violated Title VII of the federal Civil Rights Act of 1964 and whether Wal-Mart has a legal obligation to continue to extend available spousal health insurance benefits to the same-sex spouses of eligible employees, and each member of the Massachusetts Subclass will receive a determination of whether Wal-Mart's same policy, pattern, and practice violated the Massachusetts Fair Employment Practices Law.

71.　　Upon information and belief, there are no other pending lawsuits in which members of the Class have raised similar allegations, and there is only a single, other individual charge pending before the EEOC that raises the same issue(s) as the instant Complaint.

72.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, the named Plaintiff and a significant portion of the Class Members reside in this District, Wal-Mart's sufficient contacts in this District impute Wal-Mart's residency within this District, and a substantial part of the events giving rise to the Plaintiff's claims occurred in this District, including the unlawful employment practice alleged in this Complaint.  In addition, because Wal-Mart had a single, nationwide policy, pattern, and practice, concentrating the litigation in a single district will enable all members of the proposed Class to obtain a single determination of the merits of their claims against Wal-Mart.

73.     There are no difficulties in managing this case as a class action.

### CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e, *et seq.* (All Plaintiffs against Defendant)

74.     Plaintiff Jackie Cote repeats and re-alleges the allegations set forth in Paragraphs 1-73 as if fully set forth herein.

75.     Plaintiff brings this claim on her own behalf and on behalf of all members of the proposed National Class.

76.     Wal-Mart refused to provide employment-based spousal health insurance benefits for same-sex spouses of eligible Wal-Mart employees solely because Jackie and other members of the proposed National Class are married to someone of the same sex or were married to someone of the same sex during their employment at Wal-Mart, even though Wal-Mart would have provided such health insurance benefits to Jackie and other members of the proposed National Class if they were married to

someone of a different sex, or if Jackie and other members of the proposed National Class Members were a different sex than their spouses.

77.　　Wal-Mart refused to provide spousal health insurance benefits to Wal-Mart employees with same-sex spouses because of sex-based stereotypes and stereotyping that a woman should only be married to a man and not to a woman, and that a man should only be married to a woman and not to a man.

78.　　Wal-Mart refused to provide spousal health insurance benefits to Wal-Mart employees with same-sex spouses because such employees associate with someone of the same sex.

79.　　Wal-Mart's intentional discriminatory actions were taken either with malice or with reckless indifference to the rights of Jackie and other members of the proposed National Class under law.

80.　　Wal-Mart has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, by discriminating against Jackie and other members of the proposed National Class with respect to their compensation, terms, conditions, or privileges of their employment because of their sex, by classifying Jackie and other members of the proposed National Class in a way that deprived them or tended to deprive them of employment opportunities because of their sex, and by denying current employees of Wal-Mart who have marriages with a person of the same sex the same certainty and security as different-sex spouses that they will continue to receive spousal health insurance benefits in the future.

## COUNT II: VIOLATION OF THE EQUAL PAY ACT,
### 29 U.S.C. § 206(d)
### (Plaintiff Cote against Defendant)

81.     Plaintiff Jackie Cote repeats and re-alleges the allegations set forth in Paragraphs 1-80 as if fully set forth herein.

82.     Plaintiff brings this claim on her own behalf.

83.     Wal-Mart has paid wages at a lower rate to Jackie, a woman who is married to a woman, than to men who are married to women, for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

84.     Wal-Mart has violated the Equal Pay Act, 29 U.S.C. § 206(d), by refusing to provide spousal health insurance benefits to Jackie on the same terms provided to men who are married to women and by refusing to provide the same certainty of spousal health insurance benefits to Jackie as is currently provided to men who are married to women.

85.     Wal-Mart's violation of the Equal Pay Act was willful.

## COUNT III: VIOLATION OF THE MASSACHUSETTS
### FAIR EMPLOYMENT PRACTICES LAW,
### MASS. GEN. LAWS. CH. 151B § 4
### (All Members of the Massachusetts Subclass against Defendant)

86.     Plaintiff Jackie Cote repeats and re-alleges the allegations set forth in Paragraphs 1-85 as if fully set forth herein.

87.     Plaintiff brings this claim on her own behalf and on behalf of all members of the proposed Massachusetts Subclass.

88.     Wal-Mart refused to provide employment-based spousal health insurance benefits for same-sex spouses of eligible Wal-Mart employees employed in Massachusetts solely because Jackie and other members of the proposed Massachusetts Subclass are married to someone of the same sex or were married to someone of the same sex during their employment at Wal-Mart, even though Wal-Mart would have provided such health insurance benefits to Jackie and other members of the proposed Massachusetts Subclass if they were married to someone of a different sex, or if Jackie and other members of the proposed Massachusetts Subclass were a different sex than their spouses.

89.     Wal-Mart refused to provide spousal health insurance benefits to Wal-Mart employees with same-sex spouses because of sex-based stereotypes and stereotyping that a woman should only be married to a man and not to a woman, and that a man should only be married to a woman and not to a man.

90.     Wal-Mart refused to provide spousal health insurance benefits to Wal-Mart employees with same-sex spouses because such employees associate with someone of the same sex.

91.     Wal-Mart's intentional discriminatory actions were outrageous, egregious, and taken with malice or reckless indifference to the rights of Jackie and other members of the proposed Massachusetts Subclass under law.  Wal-Mart's discriminatory conduct was a conscious or purposeful effort to demean employees who were married to a person of the same sex.  Wal-Mart was aware that its discriminatory conduct would cause serious harm to employees who were married to a person of the same sex by excluding them from Wal-Mart's health insurance coverage.  Wal-Mart's

policy resulted in actual harm to Plaintiff and other members of the proposed Massachusetts Subclass.  Wal-Mart carried out its discriminatory policy for many years, even after learning that its denial of spousal health insurance benefits to employees married to a person of the same sex was causing profound harm to such employees and their spouses.

92.     Wal-Mart has violated the Massachusetts Fair Employment Practices Law by discriminating against Jackie and other members of the proposed Massachusetts Subclass in compensation or in terms, conditions, or privileges of employment based upon sex and by denying Jackie and other members of the proposed Massachusetts Subclass the same certainty of spousal health insurance benefits for their same-sex spouses as is currently extended to different-sex spouses.

### JURY DEMAND

93.     Plaintiff hereby demands a trial by jury on all issues raised in her Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jackie Cote prays that this Court:

A.     Certify the class described above under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, designate Jacqueline Cote as representative of the National Class and the Massachusetts Subclass, and designate Plaintiff's counsel of record as Class Counsel for the Class.

B.     Grant declaratory relief, including but not limited to: (a) a declaration that Wal-Mart violated Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; (b) a declaration that Wal-Mart violated the Equal

Pay Act, 29 U.S.C. § 206(d); (c) a declaration that Wal-Mart violated the Massachusetts Fair Employment Practices Law, Mass. Gen. Laws ch. 151B § 4; and (d) a declaration that Wal-Mart is required, as a matter of law, to make spousal health insurance coverage benefits available to eligible employees with same-sex spouses on the same terms that Wal-Mart makes such coverage available to eligible employees with different-sex spouses.

C.      Enter a permanent injunction prohibiting Wal-Mart from taking any action to deny spousal health insurance coverage benefits to Plaintiff and other similarly situated Wal-Mart employees to the extent that Wal-Mart continues to make spousal health insurance coverage benefits generally available to its employees;

D.      Award all damages that Plaintiff and members of the proposed National Class and proposed Massachusetts Subclass have sustained as a result of Wal-Mart's discriminatory conduct, including back pay, damages for lost compensation and job benefits that they would have received but for the discriminatory practices of Wal-Mart, and the out-of-pocket medical expenses incurred as a consequence of Wal-Mart's refusal to provide spousal health insurance benefits to employees with same-sex spouses;

E.      Award compensatory and consequential damages to Plaintiff and members of the proposed National Class and proposed Massachusetts Subclass, including damages for emotional distress;

F.      Award punitive damages to Plaintiff and members of the proposed National Class and proposed Massachusetts Subclass;

G.      Award pre-judgment and post-judgment interest, as provided by law;

H.      Award attorneys' fees and costs to Plaintiff and members of the National Class and proposed Massachusetts Subclass to the extent allowable by law,

including under 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 216(b), and Mass. Gen. Laws ch.

151B § 9; and

      I.      Grant such other relief as is just and appropriate.


DATED: July 14, 2015                      Respectfully submitted,

                                                JACQUELINE COTE

                                                By her attorneys,


WASHINGTON LAWYERS'             GAY & LESBIAN ADVOCATES &
COMMITTEE FOR CIVIL RIGHTS    DEFENDERS
AND URBAN AFFAIRS

/s/  *Peter Romer-Friedman*           /s/  *Gary Buseck*
Peter Romer-Friedman (*pro hac vice* to be filed)   Gary Buseck, BBO# 067540
11 Dupont Circle, NW, Suite 400        Allison W. Wright, BBO# 684753
Washington, DC 20036                30 Winter Street, Suite 800
(202) 319-1000                    Boston, MA  02108
peter_romerfriedman@washlaw.org      (617) 426-1350
                                         gbuseck@glad.org
                                         awright@glad.org